UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DARI GARCIA, :
      Plaintiff, :
   :
v. : C.A. No. 24-012WES
   :
DR. CHRISTINE TERRICO, et al., :
      Defendants. :

### REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff Dari Garcia, an inmate serving a sentence in the custody of the Rhode Island Department of Corrections ("RIDOC"), paid the filing fee and filed this case *pro se*, alleging that he has been subjected to deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment to the United States Constitution, denied due process and been subjected to medical malpractice. Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, I screened his original complaint and recommended that Plaintiff's Eighth Amendment and medical malpractice claims be dismissed for failure to state a claim as to all Defendants except Dr. Berk, Dr. Terrico and Dr. Salas and that Plaintiff's due process claim be entirely dismissed, but with leave to file an amended complaint to supplement his factual allegations as to the claims and Defendants that were found to be deficient. ECF No. 7. He has done so, filing an Amended Complaint (ECF No. 9) that is largely identical to the original, provided that it appears to drop all of the Defendants I had previously recommended be dismissed except for Defendant Nurse-Practitioner Carolyn Taraborelli-Baxter. As to her, the Amended Complaint adds new factual allegations alleging that she made the decision to refuse to prescribe Bentyl for at least another year despite a clinical recommendation that it (along with another medication) should be considered. ECF No 9-1 at 1-6.

Plaintiff's Amended Complaint has been referred back to me for further screening. Having reviewed it carefully, mindful of Plaintiff's *pro se* status, I find that the new factual material is sufficient for screening purposes to support a claim against Defendant Taraborelli-Baxter under the Eighth Amendment that he has been deprived of constitutionally adequate medical care due to deliberate indifference and for state law medical malpractice. I further find that, otherwise, my original recommendation remains viable and is hereby incorporated herein.

Based on the foregoing, pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), I recommend that Plaintiff's Eighth Amendment and medical malpractice claims be dismissed for failure to state a claim as to all Defendants except Dr. Berk, Dr. Terrico, Dr. Salas and Nurse-Practitioner Taraborelli-Baxter, as well as that Plaintiff's due process claim be entirely dismissed. Pursuant to Fed. R. Civ. P. 4(c)(3), I further recommend that the Court direct Plaintiff to submit completed summonses and that the Complaint be served either pursuant to the Court's Agreement with the Office of the Attorney General or by the United States Marshals Service on Dr. Justin Berk, Dr. Christopher Salas, Dr. Christine Terrico and Nurse-Practitioner Carolyn Taraborelli-Baxter, who must respond only to Plaintiff's allegations that he was deprived of his Eighth Amendment rights and was injured by medical malpractice.

Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 7, 2024

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 7, 2024